GUY A. BELL, ESQ. (GB-1217)
COZEN O'CONNOR
45 BROADWAY, 16TH FLOOR
NEW YORK, NEW YORK 10006
(212) 509-9400
ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X

GREAT LAKES REINSURANCE (UK) PLC as subrogee of
SONY BMG MUSIC ENTERTAINMENT/HSI PRODUCTIONS,
3rd Floor, Plantation Place,
130 Fenchurch Street
London, England, EC3M 3AJ

                Plaintiff,

- against –

WOOSTER PARKING CORPORATION
303 East 6th Street
New York, New York 10003

                Defendant.

----------------------------------------------------------------------X



07 CV 10603

**JURY TRIAL DEMANDED**

### VERIFIED COMPLAINT

Plaintiff, GREAT LAKES REINSURANCE (UK) PLC. as subrogee of SONY BMG MUSIC ENTERTAINMENT/HSI PRODUCTIONS (hereinafter "Great Lakes" or "Plaintiff"), by and through its attorneys, Cozen O'Connor, complaining of Defendant, alleges upon information and belief:

### THE PARTIES

1.     Plaintiff, Great Lakes, is a foreign corporation duly organized and existing under the laws of the United Kingdom, having its principal place of business located at 3rd Floor,

Plantation Place, 130 Fenchurch Street, London, England, EC3M 3AJ and is and was at all times material hereto duly authorized to issue policies of insurance in the State of New York.

2. Defendant, Wooster Parking Corporation (hereinafter "Wooster") is a domestic corporation, duly organized and existing under the laws of the State of New York, having a principal place of business located at 303 East 6th Street, New York, New York 10003.

3. Defendant Wooster is in the business of owning and operating several parking facilities throughout New York City including the Wooster Parking garage located at 6 Wooster Street, New York, New York (hereinafter "Subject Premises").

## JURISDICTION AND VENUE

4. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs of the action, exceeds the sum of Seventy Five Thousand Dollars, ($75,000.00).

5. Venue is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district and the Defendant is subject to personal jurisdiction within this district.

## GENERAL ALLEGATIONS

6. Plaintiff's subrogor, SONY BMG/HSI PRODUCTIONS (hereinafter "SONY BMG") is in the business of producing music videos.

7. On or about January 22, 2006, SONY BMG was engaged in filming and producing a music video for the rock band "The Strokes." The music video was being filmed on location in New York City.

8. The two day shooting project took place on January 21, 2006 and January 22, 2006.

9. After filming for the project was completed on January 22, 2006, SONY BMG production assistant, Jeff Maksym, drove a rented truck containing miscellaneous video and camera equipment to the Wooster Parking garage located at 6 Wooster Street, New York, New York.

10. On or about January 22, 2006 Mr. Maksym parked the rented truck in front of the Wooster Parking garage and handed the keys to a Wooster Parking garage employee in exchange for a ticket to ensure overnight parking for the truck at the subject premises.

11. On or about January 22, 2006 a bailment was created when Mr. Maksym dropped off the rented vehicle and left the same overnight at the Wooster Parking garage.

12. On or about January 23, 2006 Mr. Maksym returned to the Wooster Parking garage to pick up the rental vehicle. Upon paying for the overnight parking, the keys to the rental vehicle were returned to Mr. Maksym by an employee of the Wooster parking garage.

13. Shortly after retrieving the car keys, Mr. Maksym attempted to open the driver's door of the rented vehicle wherein he found the lock tampered with and damaged. Mr. Maksym also discovered that the video and camera equipment previously stored in the back of the truck had been stolen.

14. At all relevant times herein, Great Lakes issued and/or renewed a policy of insurance (policy no. NE4412405) covering damage to and/or the theft of the subject video and camera equipment.

15. At all relevant times herein, Defendant had a duty to safeguard the property of Plaintiff's subrogors and uphold its bailment in a safe, prudent and responsible manner that would not endanger, damage, injure or infringe upon the property or rights of others, including Plaintiff's subrogors.

16. On or about January 22, 2006, Defendant, its agents, employees, contractors and/or sub-contractors were working at, controlling and operating the Wooster Parking garage.

17. On or about January 22, 2006, Defendant, its agents, employees, contractors and/or sub-contractors failed to properly safeguard the property of Plaintiff's insureds and allowed the theft of said property to occur.

18. Pursuant to the terms of the insurance policy referred to in paragraph fourteen (14) above, the Plaintiff paid its insured an amount in excess of EIGHTY NINE THOUSAND DOLLARS ($89,000.00) for the damages caused by the subject theft and is thereby legally and equitably subrogated to the claim of its insured.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
## (NEGLIGENCE)

19. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "18" as if fully set forth herein.

20. The theft referred to in paragraph thirteen (13) above, and the consequent loss to the Plaintiff's insured was caused by the acts and/or omissions of the Defendant and/or its representatives, agents, servants, employees, contractors and/or subcontractors, without any negligence on the part of Plaintiff or Plaintiff's subrogors, including *inter alia*:

(a) failing to maintain, operate and/or control the subject premises in a safe manner, so as not to create the hazardous conditions that existed therein;

(b) failing to take sufficient precautionary measures in order to exercise reasonable care and caution for the safety of the Plaintiff's subrogor at the subject premises;

(c) failing to comply with local rules, regulations and ordinances and the statutes of the State of New York;

(d) failing to inspect and maintain the premises in a competent, prudent and safe manner;

(e) failing to employ proper and safe parking techniques;

(f) performing their work in such a way that placed the subject premises at risk of damage as a result of theft;

(g) failing to obtain the proper permits in accordance with applicable laws, statutes, ordinances and/or regulations;

(h) failing to take adequate precautions against the hazards of theft;

(i) improperly and/or illegally performing parking services at the subject premises;

(j) failing to maintain the subject premises in a reasonably safe manner;

(k) failing to warn Plaintiff's subrogor of the hazardous conditions prevailing on the premises when it knew or should have known that said conditions constituted a danger;

(l) failing and omitting to do and perform those things which were necessary in order to preserve the Plaintiff's subrogor's property and render the subject premises safe;

(m) failing to properly, adequately and safely inspect the subject premises in such a way that placed the subject premises at risk of damage and/or theft and/or subjecting Plaintiff's subrogor's property to an unreasonable risk of harm;

(n) failing to hire competent, skilled and/or experienced representatives, agents, contractors, subcontractors, workmen, servants and employees to perform and supervise the parking of vehicles at the subject premises;

(o) failing to properly supervise its agents, servants, workmen, representatives, contractors, subcontractors and/or employees while they were performing parking services at the subject premises;

(q) failing to have and assign sufficient and properly trained or certified representatives, agents, servants, subcontractors, contractors or employees and workmen to perform parking services at the subject premises;

(r) failing to prevent the theft of video and camera equipment from the subject premises;

(s) permitting and allowing the dangerous hazardous conditions then and there existing in the subject premises; and

(t) failing to exercise reasonable due care under the circumstances.

21.  Defendant and its representatives, agents, servants, contractors, subcontractors and/or employees knew or should have known of the aforementioned dangerous and hazardous condition existing at the subject premises.

22.  As a direct and proximate cause of the aforesaid negligence, carelessness and/or recklessness of Defendant and/or its representatives, agents, servants, contractors, subcontractors and/or employees, the theft referred to in paragraph thirteen (13) above, took place resulting in a loss to the Plaintiff in an amount in excess of EIGHTY NINE THOUSAND DOLLARS ($89,000.00).

23. WHEREFORE, Plaintiff, GREAT LAKES REINSURANCE (UK) PLC. as subrogee of SONY BMG MUSIC ENTERTAINMENT/HSI PRODUCTIONS demands judgment against Defendant, WOOSTER PARKING CORPORATION, in an amount in excess of EIGHTY NINE THOUSAND DOLLARS ($89,000.00) together with interest, the costs of this suit together with such other and further relief as this Court deems appropriate.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
## BREACH OF BAILMENT

24. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "23" as if fully set forth herein.

25. On or about January 22, 2006 Plaintiff's insured entered into a bailment agreement with Defendant for the storage and over night parking of a rental truck, that contained miscellaneous video and camera equipment, at the Wooster Parking garage.

26. Defendant and/or its representatives, agents, servants, contractors, subcontractors and/or employees failed to exercise reasonable care in the parking and storage of Plaintiff's insured's property.

27. Defendant and/or its representatives, agents, servants, contractors, subcontractors and/or employees failed to exercise reasonable care in the parking and storage of Plaintiff's insured's property, which failure proximately caused a theft to occur as a result of which Plaintiff incurred substantial damages.

28. As a result of Defendant and/or its representatives, agents, servants, contractors, subcontractors and/or employees failure to exercise reasonable care in the parking and storage of

Plaintiff's insured's property, Defendant breached its bailment agreement with Plaintiff's insured, with said breach allowing the subject theft to occur.

29. Defendant and/or its representatives, agents, servants, contractors, subcontractors and/or employees breached their express and implied warranties of bailment with said breaches allowing the subject theft to occur.

30. As a direct result of the aforementioned breaches, Plaintiff incurred substantial damages for which it now seeks re-imbursement through this suit pursuant to the legal and equitable rights of subrogation.

31. WHEREFORE, Plaintiff, GREAT LAKES REINSURANCE (UK) PLC. as subrogee of SONY BMG MUSIC ENTERTAINMENT/HSI PRODUCTIONS demands judgment against Defendant, WOOSTER PARKING CORPORATION, in an amount in excess of EIGHTY NINE THOUSAND DOLLARS ($89,000.00) together with interest, the costs of this suit together with such other and further relief as this Court deems appropriate.

Dated: New York, New York
       November 26, 2007

                    Respectfully submitted,

                    COZEN O'CONNOR

By: _____
      GUY A. BELL, ESQ. (GB-1217)
      *Attorneys for  Plaintiff, Great Lakes Reinsurance (UK) Plc.*
      *as subrogee of Sony BMG Music Entertainment/HSI productions*
      45 Broadway Atrium, 16th Floor
      New York, New York  10006
      (212) 509-9400