UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT LAKES REINSURANCE (UK) PLC as subrogee of SONY BMG MUSIC ENTERTAINMENT/HSI PRODUCTIONS,<br><br>                          Plaintiff,<br><br>- against -<br><br>WOOSTER PARKING CORPORATION<br><br>                          Defendant. | Docket No.:<br>2007 CIV 10603<br><br>**ANSWER** |

      Defendant, WOOSTER PARKING CORPORATION, by its attorneys, Wilkofsky, Friedman, Karel & Cummins, answering Plaintiff's Complaint, dated November 26, 2007, respectfully states upon information and belief as follows:

      1.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 1, 6, 7, 8, 9, 13, 14, 18, of the Complaint.

      2.  Defendant denies that part of the allegations set forth in paragraph 2 of the Complaint that allege that Defendant's principal place of business is at 303 East 6th Street, New York, New York 10003.

      3.  Defendant denies that part of the allegations set forth in paragraph 3 of the Complaint that allege that Defendant owns and operates parking facilities other than the one located at 6-20 Wooster Street, New York, New York.

WILKOFSKY,
FRIEDMAN,
KAREL & CUMMINS
ATTORNEYS AT LAW
299 BROADWAY
NEW YORK, NY
10007
(212) 285-0510

4. Defendant denies knowledge or information sufficient to form a belief as regards the name of the individual who "parked" the truck, and denies that such individual handed the keys to the truck to a Wooster Parking garage employ in front of the garage, and that a ticket was provided to "ensure overnight parking."

5. Defendant denies the allegations set forth in paragraphs 11, 17, 20, 21, 22, 26, 27, 28, 29 and 30 of the Complaint.

6. Defendant denies knowledge sufficient to form a belief as to the allegations set forth in paragraph 12 of the Complaint, except admits that on or about January 23, 2006, an employee of Defendant did return keys to the subject truck to an individual who came to claim it.

7. Defendant denies the allegations set forth in paragraph 15 of the Complaint, with regard to "all relevant times herein, and admits that Defendant had certain duties including some of those enumerated, once Defendant had the truck in its possession.

8. In response to the allegations set forth in paragraph 19 of the Complaint, Defendant repeats, reiterates and realleges each and every response it made to each of the allegations set forth in paragraphs 1 through 18 of the Complaint as if more fully and completely set forth herein.

WILKOFSKY,
FRIEDMAN,
KAREL & CUMMINS
ATTORNEYS AT LAW
299 BROADWAY
NEW YORK, NY
10007
(212) 285-0510

9. In response to the allegations set forth in paragraph 24 of the Complaint, Defendant repeats, reiterates and re-alleges each and every response it made to each of the allegations set forth in paragraphs 1 through 23 of the Complaint as if more fully and completely set forth herein.

10. Defendant denies the allegation set forth in paragraph 25 of the Complaint except admits that Defendant did at one point take possession of the truck and did keep it overnight, at one point a bailment having occurred.

11. Defendant denies that Plaintiff is entitled to a judgment against it but does recognize, as alleged in paragraphs 23 and 31 of the Complaint, that Plaintiff is demanding judgment.

**AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE**

12. Plaintiff has failed to state a cause of action cognizable in law or equity against Defendant and therefore, Plaintiff's action must be dismissed.

**AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE**

13. Defendant is not liable for any personal property located in vehicles as stated upon each claim ticket provided, and posted on the wall of Defendant's garage.

**AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE**

14. Limitation of liability by agreement of the parties.

WILKOFSKY,
FRIEDMAN,
KAREL & CUMMINS
ATTORNEYS AT LAW
299 BROADWAY
NEW YORK, NY
10007
(212) 285-0510

**AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE**

15. Defendant is without liability to Plaintiff's subrogor as Defendant did not breach any duty to Plaintiff's subrogor and is without fault in respect to any damages allegedly suffered by Plaintiff's subrogor and was entirely fortuitous.

**AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE**

16. Defendant is without liability to Plaintiff's subrogor as any loss allegedly sustained by Plaintiff's subrogor was caused by the intervening, interceding and superceding acts of third-parties or employees of Plaintiff's subrogor and not under the control of Defendant, and therefore the damages recovered by Plaintiffs, if any, must be diminished or reduced in the proportion to which said culpable conduct caused the damages of which Plaintiff complains.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint, together with reasonable attorney's fees and the costs and disbursements of this action.

Dated: New York, New York
       January 23, 2008

WILKOFSKY,
FRIEDMAN,
KAREL & CUMMINS
ATTORNEYS AT LAW
299 BROADWAY
NEW YORK, NY
10007
(212) 285-0510

WILKOFSKY FRIEDMAN,
KAREL & CUMMINS

DAVID B. KAREL (DBK-3465)
Attorneys for Defendant
299 Broadway, Suite 1700
New York, New York 10007
(212) 285-0510

To:   Cozen O'Connor
      45 Broadway Atrium, 16th Floor
      New York, New York 10006
      (212) 509-9400

WILKOFSKY,
FRIEDMAN,
KAREL & CUMMINS
ATTORNEYS AT LAW
299 BROADWAY
NEW YORK, NY
10007
(212) 285-0510